```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
DWAYNE NICHOLS,

                        Petitioner,
                                                MEMORANDUM AND ORDER
        - against -
                                                09 Civ. 6825 (NRB)
WILLIAM BROWN, Superintendent -
Eastern Correctional Facility,

                        Respondent.
----------------------------------------X
```

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Petitioner Dwayne Nichols brings this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his June 3, 2004 conviction following a jury trial in the County Court of Orange County, New York. For the reasons stated below, the petition is dismissed as untimely.

## BACKGROUND[1]

Petitioner's conviction stems from a June 5, 2003 incident at his home in Middletown, New York, which led to charges that he battered his wife with a guitar and raped his 16-year old stepdaughter at knifepoint. (Kass Aff. ¶¶ 2-5.) On June 3, 2004, a jury convicted petitioner of Attempted Rape in the Third Degree, Assault in the Third Degree as a lesser included

---

[1] Unless otherwise noted, all facts are drawn from the Affirmation in Opposition to a Petition for Writ of Habeas Corpus of Andrew R. Kass ("Kass Aff."), filed March 2, 2011, and Respondent's Record of Exhibits ("R.").

offense, Criminal Possession of a Weapon in the Third Degree, Unlawful Imprisonment in the First Degree, and three counts of Endangering the Welfare of a Child.[2] (Kass Aff. ¶ 7.)

On July 26, 2004, petitioner filed a motion to set aside the verdict pursuant to Criminal Procedure Law ("CPL") § 330.30 for, inter alia, alleged violations by the prosecution of their obligations under People v. Rosario, 9 N.Y.2d 286 (1961), and Brady v. Maryland, 373 U.S. 83 (1963). (R. at 14-34.) On October 28, 2004, the trial court dismissed petitioner's CPL § 330.30 motion. (R. at 262-69.) Subsequently, on November 1, 2004, the trial court sentenced petitioner to a determinate term of imprisonment of 15 years on the conviction of Attempted Rape in the First Degree, an indeterminate term of 3.5 to 7 years on the conviction of Criminal Possession of a Weapon in the Third Degree, an indeterminate term of 2 to 4 years on the conviction of Unlawful Imprisonment in the First Degree, 1 year on the conviction of Assault in the Third Degree, and three 1-year terms on the convictions of Endangering the Welfare of a Child, with all sentences to run consecutively. See People v. Nichols, 826 N.Y.S.2d 359 (2d Dep't 2006).

On November 12, 2004, petitioner filed a motion to vacate the judgment pursuant to CPL § 440.10 on the basis of the

---

[2] Petitioner was acquitted of the remaining counts charged in the indictment, including Rape in the First Degree, Sexual Abuse in the First Degree, Kidnapping in the Second Degree, Assault in the Second Degree, and Rape in the Third Degree. (Kass Aff. ¶¶ 2, 7.)

2

alleged Rosario and Brady violations. (R. at 270.) On May 13, 2005, the trial court held an evidentiary hearing with respect to these alleged violations, and by Decision and Order of May 17, 2005, the court held that no such violations had occurred.[3] (R. at 523-25.) Petitioner did not seek leave to appeal the denial of this CPL § 440.10 motion. (Kass Aff. ¶ 9.)

On direct appeal, the Appellate Division, Second Department, affirmed petitioner's conviction, holding that petitioner's Rosario and Brady claims were procedurally defaulted due to his failure to seek leave to appeal the denial of his CPL § 440.10 motion. See Nichols, 826 N.Y.S.2d at 360. However, the Appellate Division did modify petitioner's sentence, holding that the sentences imposed on the three counts of Endangering the Welfare of a Child should run concurrently to the sentences imposed on the other counts of conviction. See id. at 361. On March 13, 2007, the Court of Appeals denied petitioner's application for leave to appeal. People v. Nichols, 8 N.Y.3d 925 (2007).

On November 6, 2007, petitioner filed a petition for a writ of error coram nobis with the Appellate Division. (R. at 656-

---

[3] The alleged Rosario and Brady violations concern notes prepared by an employee of the Orange County Department of Social Services who also served on an intergovernmental Child Abuse Task Force. (R. at 523-24.) The trial court held that the employee's work pertaining to the incident surrounding petitioner's conviction was solely in her capacity as an employee of the Department of Social Services and that the notes in question were never shared with law enforcement, thus rendering the notes non-Rosario/Brady material. (Id. at 524-25.)

3

90.) On January 29, 2008, the Appellate Division denied the petition, People v. Nichols, 849 N.Y.S.2d 445 (2d Dep't 2008), and on May 13, 2008, the Court of Appeals denied petitioner's request for leave to appeal the Appellate Division's decision. People v. Nichols, 10 N.Y.3d 868 (2008).

On June 12, 2008, petitioner filed a second CPL § 440.10 motion. (R. at 1114-26.) The County Court denied petitioner's motion on October 2, 2008, and the Appellate Division denied petitioner's application for leave to appeal on December 24, 2008. (R. at 1198-1201.) On February 26, 2009, petitioner filed a motion for reargument of the Appellate Division's December 24, 2008 denial of leave to appeal. (R. at 1239-40.) On June 4, 2009, the Appellate Division denied - without explanation - the motion for reargument.[4] (R. at 1318.)

Petitioner filed his petition for a writ of habeas corpus on July 8, 2009.[5] (R. at 1439-41.) Petitioner asserts four grounds for habeas relief: (1) the alleged Rosario and Brady violations; (2) violation of his Sixth Amendment right to confrontation; (3) ineffective assistance of trial counsel; and (4) ineffective assistance of appellate counsel. (R. at 1448.)

---

[4] Petitioner also filed a motion to renew his original CPL § 440.10 motion on August 24, 2009. (R. at 1319.) The County Court denied this motion on December 3, 2009, and the Appellate Division denied petitioner's application for leave to appeal on February 23, 2010. (R. at 1389-93.) Because the motion to renew was filed subsequent to petition's filing of the habeas corpus petition, it is not relevant to the issue of whether petitioner's habeas corpus petition was timely.

[5] Petitioner filed an amended petition on December 24, 2009. (R. at 1445-50.)

4

**DISCUSSION**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat 1214 (1996), imposes a one-year statute of limitations on federal habeas corpus petitions, which runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1). AEDPA's limitations period is subject to tolling, however, for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." Id. § 2244(d)(2).

1. **Calculation of Limitations Period**

In the present case, because petitioner did not file a petition for certiorari in the United States Supreme Court with respect to his direct appeal, his conviction became final when the time for seeking such a writ expired. See Williams v. Artuz, 237 F.3d 147, 151 (2d Cir. 2001). This occurred on June 11, 2007, 90 days after the Court of Appeals' March 13, 2007 denial of leave to appeal. See 28 U.S.C. § 2101(c). Thus, absent any tolling, petitioner had 365 days from June 11, 2007 to file his federal habeas corpus petition.

Respondent does not dispute that the limitations period was tolled on November 5, 2007, when petition filed his coram nobis

petition. At this point, 147 days had elapsed in the AEDPA limitations period. The limitations clock resumed on May 13, 2008, when the Court of Appeals denied leave to appeal the Appellate Division's denial of the coram nobis petition. The limitations period then ran for 30 days, until June 12, 2008, when petitioner filed his second CPL § 440.10 motion.[6] Tolling in connection with this motion lasted until December 24, 2008, when the Appellate Division denied leave to appeal the County Court's denial of the motion.

Under dispute is whether tolling is warranted for petitioner's February 26, 2009 motion for reargument of the Appellate Division's December 24, 2008 denial of leave to appeal. Respondent contends that the limitations period continued to run despite this motion because the motion was not "properly filed" for purposes of 28 U.S.C. § 2244(d)(2). Specifically, respondent contends that the motion for reargument did not comply with the applicable local regulations requiring that such motions be filed within 30 days after the decision to be reargued. See N.Y. Comp. Codes R. & Regs. tit. 22, § 670.6(a). If respondent is correct, then AEDPA's statute of limitations expired on June 30, 2009 (188 days from December 24, 2008, or 365 total days including the 177 days previously

---

[6] Petitioner's first CPL § 440.10 motion, denied on May 17, 2005, is irrelevant for purposes of AEDPA's limitations period because it was denied prior to the completion of petitioner's direct appeal and hence prior to the time when the statute of limitations had begun to run.

6

accrued), rendering the instant petition untimely by 8 days. If, however, tolling were applied to the motion for reargument, petitioner would safely fall within AEDPA's limitations period.

### 2. Whether the Motion for Reargument Was "Properly Filed"

In Artuz v. Bennett, 531 U.S. 4, 8 (2000), the Supreme Court held that a state court application is "properly filed" for purposes of AEDPA's tolling provision "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Notably, the Court listed "the time limits upon [the application's] delivery" as one of the requirements with which a motion usually must comply to be considered "properly filed." Id.

In Pace v. DiGuglielmo, 544 U.S. 408, 413 (2005), the Court expanded upon this discussion and held that a timing requirement is a "condition to filing" even if the relevant filing provision contains exceptions that would excuse late filing under certain (non-applicable) conditions. Put more succinctly, the Court held that "[w]hen a postconviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)." Id. at 414 (internal quotation marks and alteration omitted).

Motions for reargument before the Second Department are governed by N.Y. Comp. Codes R. & Regs., tit. 22, § 670.6. This provision provides, in pertinent part, that "[m]otions to

7

reargue a cause or motion . . . shall be made within 30 days after service of a copy of the decision and order determining the cause or motion, with notice of its entry, except that for good cause shown, the court may consider any such motion when made at a later date." Given that petitioner filed his motion for reargument 64 days after the Second Department's denial of leave to appeal, petitioner's motion would be untimely unless there were "good cause shown."

In Smalls v. Smith, No. 05 Civ. 5182 (CS), 2009 WL 2902516 (S.D.N.Y. Sept. 10, 2009), the district court confronted circumstances nearly identical to those presented in the instant matter. In Smalls, as here, the Second Department had denied the petitioner leave to appeal a county court's denial of a CPL § 440.10 motion. See id. at *2. Roughly 40 days later, the petitioner had filed a motion for reargument of the Second Department's denial of leave to appeal. See id. The district court held that because this motion for reargument was filed past the 30-day deadline for such motions, and because the petitioner had not demonstrated any good cause for the late filing, the motion for reargument was not "properly filed" and thus did not toll AEDPA's statute of limitations. See id. at *8; see also Hill v. Keane, 984 F. Supp. 157, 159 (E.D.N.Y. 1997) (holding that untimely motion for reargument did not toll AEDPA statute of limitations), abrogated on other grounds by Bennett

v. Artuz, 199 F.3d 116 (1999); cf. Rodriguez v. Portunodo, No. 01 Civ. 547 (GEL), 2003 WL 22966293, at *3 (Dec. 15, 2003) (tolling AEDPA statute of limitations when motion for reargument was filed within 30-day time limit); Rodriguez v. New York, No. 01 Civ. 9374 (KMW)(AJP), 2003 WL 289598, at *13 n.9 (S.D.N.Y. Feb. 11, 2003) (choosing not to address the impact of the tardiness of the petitioner's motion for reargument because, among other reasons, the State did not raise the timeliness issue in its opposition to the habeas petition).

We concur with the position adopted in Smalls. We note that petitioner does not offer any explanation to demonstrate good cause for the late filing, and no such explanation is readily discernible to this Court.[7] Instead, petitioner suggests that the motion for reargument should be considered timely because the Appellate Division did not specifically indicate that it was denying the motion on timeliness grounds. (Decl. of Dwayne Nichols, filed Apr. 26, 2011, at 3.)

As previously described, the Appellate Division denied the motion for reargument without explanation, simply stating, "[u]pon the papers filed in support of the motion and the papers filed in opposition thereto, it is ordered that the motion is

---

[7] Petitioner's motion for reargument was premised on the New York Court of Appeals' decision in People v. Hunter, 11 N.Y.3d 1 (2008). Hunter was decided on June 12, 2008, and thus we see no compelling reason why petitioner could not have filed his motion for reargument within 30 days of the Appellate Division's denial of leave to appeal on December 24, 2008.

9

denied." (R. at 1318.) This explanation is seemingly the standard language employed by the Appellate Division when summarily dismissing a claim, as the language is essentially identical to that used in the December 24, 2008 denial of leave to appeal.[8] (R. at 1201.) The Supreme Court has cautioned courts – in the precise context at issue here - not to interpret cursory state court dismissals that are devoid of discussion of an application's timeliness as reflections that the state court considered the application to be timely. See Carey v. Saffold, 536 U.S. 214, 225-26 (2002). In fact, the Court provided this guidance even in the face of a state court ruling that affirmatively stated that its dismissal was "on the merits." See id. ("[W]illingness to take such words as an absolute bellwether risks the tolling of the federal limitations period even when it is highly likely that the prisoner failed to seek timely review in the state appellate courts."). Given the clear 30-day deadline in the Second Department to file motions for reargument, we find no basis on which to hold that petitioner's motion was timely.[9]

---

[8] The only difference being that the December 24, 2008 order stated that the "application" was denied rather than the "motion."

[9] In Lebron v. Sanders, No. 02 Civ. 6327 (RPP), 2004 WL 369141, at *3 (S.D.N.Y. Feb. 27, 2004), the district court held that a motion for reargument, which was filed more than 30 days after the decisions to be reargued, did toll the AEDPA limitations period. The district court did not specifically address the timeliness of the motion for reargument, but it did note that the Appellate Division had denied the motion after "due deliberation." See id. From this, the court inferred that the Appellate

Accordingly, petitioner's February 26, 2009 motion for reargument did not toll AEDPA's statute of limitations,[10] and the instant habeas corpus petition is untimely.

### 3. Equitable Tolling

AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." Dillon v. Conway, 642 F.3d 358, 362 (2d Cir. 2011) (quoting Holland v. Florida, 130 S. Ct. 2549, 2560 (2010)). Equitable tolling is only warranted if two conditions are met: (1) the petitioner demonstrates that "he has been pursuing his rights diligently," and (2) the petitioner shows that "some extraordinary circumstance stood in his way and prevented timely filing." Id. (citing Holland, 130 S. Ct. at 2560-62)).

With respect to the latter of these requirements, the Second Circuit has "set a high bar to deem circumstances sufficiently 'extraordinary' to warrant equitable tolling." Id. at 363. Specifically, extraordinary circumstances will only be found if there was some severe obstacle that prevented the

---

Division had considered the motion "properly filed." See id. No such language is present in the Appellate Division's denial of the motion for reargument in the instant matter, but in any event, we would be hesitant to interpret such cursory language as an affirmative holding that the motion was timely.

[10] We note that the Second Circuit's decision in Saunders v. Senkowski, 587 F.3d 543, 548-49 (2d Cir. 2009), forecloses the possibility of allowing for tolling during the 30-day period when petitioner could have properly filed, but did not so file, a motion for reargument of the denial of leave to appeal the denial of his CPL § 440.10 motion.

11

prisoner from complying with AEDPA's limitations period.[11] See id. Here, no such obstacle has been claimed nor is there one apparent to the Court. As such, equitable tolling is not appropriate.

On a related note, while one might question whether it is fair to allow a prisoner to litigate in state court and only find out after the AEDPA limitations period has expired that his state court application was not "properly filed," current habeas doctrine mitigates this concern. As the Supreme Court explained in Pace, "[a] prisoner seeking state postconviction relief might avoid this predicament . . . by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." Pace, 544 U.S at 416 (citing Rhines v. Weber, 544 U.S. 269, 278 (2005)). Such an approach would be permitted because "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court." Id. (citing Rhines, 544 U.S. at 278)).

## CONCLUSION

For the foregoing reasons, the petition is dismissed.

---

[11] Examples of qualifying "extraordinary circumstances" have included when a corrections officer intentionally confiscated a prisoner's petition shortly before the filing deadline, when a state appellate court failed to inform a prisoner that his leave to appeal was denied, and when an attorney failed to file a habeas petition on behalf of a prisoner, despite explicit directions from the prisoner to do so. Dillon, 642 F.3d at 363 (citing cases).

**SO ORDERED.**

Dated:   New York, New York
         February 21, 2012

                                        NAOMI REICE BUCHWALD
                                        UNITED STATES DISTRICT JUDGE

Copies of the foregoing Order have been mailed on this date to the following:

**Pro Se Petitioner**
Dwayne Nichols
04 A 5941
Eastern New York Correctional Facility
P.O. Box 338
Napanoch, NY 12458

**Counsel for Respondent**
Andrew R. Kass, Esq.
Senior Assistant District Attorney
Orange County
Orange County Government Center
Goshen, NY 10924-1627