```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
DWAYNE NICHOLS,

                        Petitioner,
                                              MEMORANDUM AND ORDER
       - against -
                                              09 Civ. 6825 (NRB)
WILLIAM BROWN, Superintendent – Eastern
Correctional Facility,

                        Respondent.
----------------------------------------X
```

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Petitioner Dwayne Nichols ("petitioner") brings this pro se petition pursuant to Rule 60 of the Federal Rules of Civil Procedure seeking relief from our Memorandum and Order, dated February 21, 2012, which denied his petition for a writ of habeas corpus as untimely. For the reasons stated herein, petitioner's motion is denied.

## BACKGROUND[1]

On February 21, 2012, we issued a Memorandum and Order denying petitioner's petition for federal habeas relief pursuant to 28 U.S.C. § 2254. (M&O at 11.) Without reaching the merits of petitioner's claim for relief, we concluded that the petition

---

[1] We presume familiarity with the facts underlying this case, which we incorporate by reference to our Memorandum and Order in this case dismissing the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. See Nichols v. Brown, 09 Civ. 6825 (NRB), 2012 WL 555043, at *1-2 (S.D.N.Y. Feb. 21, 2012) ("M&O"), aff'd, Order, Nichols v. Brown, No. 12-1287 (2d Cir. May 23, 2012). Thus, we include only the facts relevant to the instant motion here, which are drawn from our M&O and from petitioner's Motion for Relief Pursuant to Rule 60 of the Federal Rules of Civil Procedure ("Rule 60 Mot.").

was untimely filed under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") because more than 365 days had elapsed since his conviction became final on June 11, 2007, 90 days after the New York Court of Appeals denied his application for leave to appeal, as petitioner did not file a petition for certiorari in the United States Supreme Court.  (M&O at 5); see 28 U.S.C. § 2244(d)(1)(A) (providing that AEDPA's limitation period shall run from the latest of either the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review); Williams v. Artuz, 237 F.3d 147, 151 (2d Cir. 2001) (holding that AEDPA's "limitations period for state prisoners therefore begins to run only after the denial of certiorari or the expiration of time for seeking certiorari").

In so concluding, we determined that two post-conviction motions filed by petitioner had effectively tolled AEDPA's limitations period: his November 6, 2007 petition for a writ of error coram nobis, which was pending until the Court of Appeals denied leave to appeal on May 13, 2008; and his June 12, 2008 CPL § 440.10 motion, which was pending until the Appellate Division denied leave to appeal on December 24, 2008.[2]  (M&O at

---

[2] Appropriately, petitioner did not appeal the Appellate Division's denial of leave to appeal his § 440.10 motion to the Court of Appeals.  Review of the denial of a § 440.10 motion is available only in the Appellate Division and only by leave of a judge thereof.  The Court of Appeals therefore has no jurisdiction to review orders denying leave to appeal from orders denying §

3-4, 5-6.); see 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). Taking those tolling periods into account, we found that AEDPA's statute of limitations expired on June 30, 2009, 188 days from December 24, 2008, or 365 total days including the 177 days accrued prior to the filing of petitioner's coram nobis petition. (M&O at 6.) We further concluded that petitioner's February 26, 2009 motion for reargument of the Appellate Division's denial of his application for leave to appeal from his § 440.10 motion did not toll the limitations period because it was not properly filed. (M&O at 9); see Smalls v. Smith, No. 05 Civ. 5182 (CS), 2009 WL 2902516 (S.D.N.Y. Sept. 10, 2009) (concluding that motions for reargument that are not properly filed do not toll AEDPA's statute of limitations). Thus, because petitioner did not file his habeas petition until July 8, 2009, we dismissed it as untimely. (M&O at 11.)

Petitioner filed a Notice of Appeal from our February 21, 2012 Memorandum and Order on February 29, 2012, in which he indicated that he intended to apply to us directly for a

---

440.10 motions to the Appellate Division.  See Ramos v. Walker, 88 F. Supp. 2d 233, 235 n.9 (S.D.N.Y. 2000).

certificate of appealability.  As he did not make a substantial showing of the denial of a constitutional right, we refused to issue a certificate of appealability.  See Order, Nichols v. Brown, Case No. 09 Civ. 6825 (NRB) (S.D.N.Y. Mar. 8, 2012), Dkt. No. 11; see 28 U.S.C. § 2253(c)(2); see also Lozada v. United States, 107 F.3d 1011 (2d Cir. 1997), abrogated on other grounds by United States v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997).[3] The Court of Appeals for the Second Circuit thereafter dismissed petitioner's appeal of our denial of his habeas petition, effective April 24, 2012.  See Order, Case No. 12-1287 (2d Cir. May 23, 2012).

On February 4, 2013, petitioner filed a motion for relief pursuant to Rule 60 of the Federal Rules of Civil Procedure from our February 21, 2012 Memorandum and Order, in which he alleges that we miscalculated the limitations period applicable to his petition.  Although he does not dispute our conclusion with respect to his improperly filed motion for reargument, petitioner contends – for the first time – that we erred in determining the tolling periods with respect to his coram nobis petition and his § 440.10 motion.  (Rule 60 Mot. ¶ 5.) Specifically, he argues that we erroneously calculated the tolling periods to conclude on the date that final orders were

---

[3]  Petitioner subsequently filed a request to proceed in forma pauperis on appeal from our M&O, which we also denied.  See Memorandum and Order, Nichols v. Brown, 09 Civ. 6825 (NRB) (S.D.N.Y. Apr. 16, 2012), Dkt. No. 14, at 2.

4

entered with respect to each motion, rather than the date on which he personally received copies of those orders. (Id. ¶¶ 4-5.) Thus, since he alleges that both motions were "pending" for purposes of § 2244(d)(2) until he received copies of the final judgments entered therein, see Bennett v. Artuz, 199 F.3d 116, 120 (2d Cir. 1999); People v. Washington, 86 N.Y.2d 853, 854 (N.Y. 1995), petitioner requests that we credit an additional 29 days[4] to his limitations period, which would render his original habeas petition timely filed. (Rule 60 Mot. ¶¶ 4-5.)

## DISCUSSION

**I.  Legal Standard**

Federal Rule of Civil Procedure 60(b) states that "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). The Rule further provides that the district court may so relieve a party in five enumerated circumstances and, according to the sixth subpart, for "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6). Because none of the first five circumstances applies to petitioner's motion, we

---

[4] In his brief, petitioner requests that we "accredit[] an additional 31 days" to his limitations period. However, he miscalculates the time between May 13, 2008, the date that the Court of Appeals denied his application for leave to appeal from the denial of his coram nobis petition, and May 29, 2008, the date that he allegedly received a copy of that Order from opposing counsel, to be 18 days. (Rule 60 Mot. ¶ 5.) Because only 16 days elapsed between those dates, we adjust his request accordingly.

5

address only whether there is "any other reason justifying relief from the operation of the judgment." Id.

Under Second Circuit precedent, "[a] motion for relief from judgment is generally not favored and is properly granted only upon a showing of exceptional circumstances." Marrero Pichardo v. Ashcroft, 374 F.3d 46, 55 (2d Cir. 2004) (quoting United States v. Int'l Bhd. of Teamsters, 247 F.3d 370, 391 (2d Cir. 2001)) (internal quotation marks omitted).  The burden of proving such circumstances rests on the party seeking relief from judgment.  Id.  With respect to Rule 60(b)(6)'s catch-all provision specifically, relief from judgment is granted only "where there are extraordinary circumstances or where the judgment may work an extreme and undue hardship." DeWeerth v. Baldinger, 38 F.3d 1266, 1272 (2d Cir. 1994).

Generally, a district court may properly determine a Rule 60(b)(6) motion despite the fact that the movant has already taken an appeal from the judgment from which he seeks relief. See Standard Oil Co. of Cal. v. United States, 429 U.S. 17, 18 (1976).  However, courts have interpreted Standard Oil to permit a district court to consider a Rule 60(b)(6) motion only when "later events" arise that were not previously considered by the appellate court.  See, e.g., DeWeerth, 38 F.3d at 1270-71; Fine v. Bellefonte Underwriters Ins. Co., 758 F.2d 50, 52 (2d Cir. 1985), cert. denied, 474 U.S. 826 (1985).  Otherwise, in the

6

interest of finality, the "law of the case" doctrine bars Rule 60(b)(6) relief when a motion merely attempts to argue what was or could have been finally determined on appeal. See Seese v. Volkswagenwerk, A.G., 679 F.2d 336, 337 (3d Cir. 1982) ("The district court is without jurisdiction to alter the mandate of this court on the basis of matters included or includable in defendants' prior appeal. . . . We thus hold that the Supreme Court's denial of certiorari ended this litigation, and the case was not sub judice when the defendants made their rule 60(b)(6) motion."). Thus, when a movant alleges that the district court's ruling was erroneous based on then-existing law, the proper course for relief is to present that argument on appeal. Schildhaus v. Moe, 335 F.2d 529, 531 (2d Cir. 1964); see also Eutectic Corp. v. Metco, Inc., 597 F.2d 32, 34 (2d Cir. 1979) ("The limitation on the use of Rule 60 motions as a substitute for appeal is especially true of motions under Rule 60(b)(6).") (citing 11 C. Wright & A. Miller, Federal Practice and Procedure § 2851, at 142 (1973)).

**II.  Petitioner is Not Entitled to Relief Under Rule 60(b)(6)**

Applying the above standards, it is clear that petitioner's motion must be denied.  We are not dealing with a "later event," as the law on which petitioner relies pre-existed the filing of his notice of appeal, nor are we presented with "exceptional" circumstances under which relief might otherwise be available.

7

See Standard Oil, 429 U.S. at 18; DeWeerth, 38 F.3d at 1270-71; see also Eutectic Corp., 597 F.2d at 34.  Petitioner's motion is simply a vehicle for arguments more appropriately made on appeal.[5]  Moreover, we have serious questions about the propriety of addressing petitioner's motion following the dismissal of his appeal, as it offends the notion of finality and the requirement that parties present all their arguments at one time, lest there be significant judicial waste involved in reopening past decisions.  Cf. Bellefonte, 758 F.2d at 54 ("Absent a change in circumstance or law, one panel . . . cannot review the decision of a previous panel.  It would increase the work of each judge immeasurably if past decisions could be reopened by subsequent panels.").  For these reasons, we find that petitioner is not entitled to relief under Rule 60(b)(6).

**III. Petitioner's Miscalculation Argument is Unavailing**

Even assuming that Rule 60(b)(6) relief was available, petitioner's argument would fail on the merits because neither

---

[5]  We understand that petitioner's failure to present the instant miscalculation argument on appeal may have been inadvertent, as he alleges he was not aware of the relevant case law at the time.  (Rule 60 Mot. ¶ 4.)  Nevertheless, a movant's ignorance of existing law does not warrant relief under Rule 60(b)(6).  See PRC Harris, Inc. v. Boeing Co., 700 F.2d 894, 897-98 (2d Cir. 1983).  Indeed, while the law relied upon by petitioner preexisted his petition for federal habeas relief, even a subsequent change in decisional law would not, by itself, constitute an appropriate basis for relief under Rule 60(b)(6).  See DeWeerth, 38 F.3d at 1272-74 ("[T]he fact that federal courts must follow state law when deciding a diversity case does not mean that a subsequent change in the law of the state will provide grounds for relief under Rule 60(b)(6). . . .  This principle also applies in federal cases where the Supreme Court has changed the applicable rule of [federal] law.").

8

his coram nobis petition nor his § 440.10 motion was "pending" after the date on which final judgment was entered therein. Contrary to petitioner's assertions, the cases he relies upon do not set forth a general rule providing that AEDPA's statute of limitations must be tolled until an applicant has received the "entered order denying his state court remedies." (Rule 60 Mot. ¶ 4.) Instead, they hold that, for purposes of § 2244(d)(2), a state court motion is "pending" from the time it is first filed until it is finally disposed of and further appellate review is unavailable under the particular state's procedures. See Bennett, 199 F.3d at 120; see also Washington, 86 N.Y.2d at 854 (holding that service of an order of a criminal court by the prevailing party is necessary under CPL § 460.10 in order to commence the time period for the losing party to take an appeal from that order).

The service requirement set out in those cases is derived from the language of CPL § 460.10, which provides that "[a]n appeal by a defendant to an intermediate appellate court by permission, pursuant to [CPL §] 460.15, is taken" by applying for a § 460.15 certificate "(a) [w]ithin thirty days after *service upon the defendant of a copy of the order sought to be appealed . . . .*" CPL § 460.10(1)(a) (emphasis added ); see id. § 460.10(5) ("An appeal to the court of appeals from an order of an intermediate appellate court is taken as follows: (a) Within

9

thirty days after service upon the appellant of a copy of the order sought to be appealed, the appellant must make application, pursuant to section 460.20, for a certificate granting leave to appeal to the court of appeals."). Thus, in order for a motion to be considered "pending" for purposes of § 2244(d)(2) under Washington and Bennett, there must remain some avenue for further state appellate review of that motion, either in the Appellate Division or in the New York Court of Appeals. See Ramos v. Walker, 88 F. Supp. 2d 233, 235 (S.D.N.Y. 2000) ("The Court of Appeals' point in Bennett was that Section 2244(d)(2) must be construed to toll the running of the limitations period through the period during which the petitioner is exhausting his rights under state procedure in order to avoid premature filing of federal collateral attacks on state convictions.").

By contrast, in each instance in which petitioner argues we miscalculated the tolling period, the order he alleges was not immediately served upon him was the final order denying him leave to further appeal the denial of his motion. Petitioner had no appellate remedies available to him under New York law once the Court of Appeals denied leave to appeal the denial of his coram nobis petition, nor did he have a state appellate remedy once the Appellate Division denied leave to appeal the denial of his § 440.10 motion. Hence, unlike the situation in

10

Bennett, any failure to timely serve petitioner with a copy of the aforementioned orders was immaterial and the calculation of the applicable tolling periods in our February 21, 2012 Memorandum and Order was correct. See Ramos, 88 F. Supp. 2d at 235-36.

## CONCLUSION

For the foregoing reasons, petitioner's motion is denied. The Clerk of the Court is directed to terminate the motion pending at docket number 17.

Dated:   New York, New York
         April 18, 2013

*[signature]*
NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

Copies of the foregoing Order have been mailed on this date to the following:

**Pro Se Petitioner**
Dwayne Nichols
04 A 5941
Fishkill Correctional Facility
Box 1245
Beacon, NY 12508

**Attorney for Respondent**
Andrew R. Kass, Esq.
Senior Assistant District Attorney
Office of the Orange County District Attorney
Orange County Government Center
Goshen, NY 10924-1627